# EXHIBIT "2"

Jason P. Williams, Esq. (SBN # 232371)
Thomas W. Palecek, Esq. (SBN # 225890)
WILLIAMS | PALECEK LAW GROUP, LLP
3170 Fourth Ave., Suite 400
San Diego, CA 92103
Tel.: (619) 346-4263
Fax: (619) 346-4291
Email: jwilliams@wplgattorneys.com
Attorneys for Plaintiff
ALLSTATE INSURANCE COMPANY
*(Hinchman/1010-592)*

**FILED**
Superior Court of California
County of Riverside
1/20/2021
M. Allen
Electronically Filed

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF RIVERSIDE – PALM SPRINGS COURTHOUSE

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>BRASSCRAFT MANUFACTURING COMPANY, a corporation; and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No.: **CVPS2100153**<br>Action Filed:<br><br>**COMPLAINT FOR PROPERTY DAMAGES IN SUBROGATION**<br><br>(Damages: $175,214.97) |

Plaintiff, ALLSTATE INSURANCE COMPANY, alleges as follows:

### COMMON ALLEGATIONS

1. Any and all causes of action involve a money demand for more than TWENTY-FIVE THOUSAND DOLLARS ($25,000) and are within the jurisdiction of the above-captioned Court. Said Court is the proper Court for the trial of this action. The damage to property herein alleged occurred in this judicial district.

2. Plaintiff ALLSTATE INSURANCE COMPANY (hereinafter referred to as "Plaintiff" and/or "ALLSTATE") was, and now is, a corporation, authorized to transact insurance business in the County of Riverside, State of California.

///

3. At all times relevant hereto Plaintiff was the homeowner's insurer for BRUCE HINCHMAN (hereinafter referred to as "HINCHMAN"). At all times herein mentioned, HINCHMAN, was the owner of certain real and personal property located at 81280 Golf View Drive, City of La Quinta, County of Riverside, State of California (hereinafter referred to as "subject property").

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant BRASSCRAFT MANUFACTURING COMPANY (hereinafter "BRASSCRAFT") is a corporation, authorized to, and doing business under the laws of the State of California. Plaintiff is further informed and believes that at all times herein mentioned, BRASSCRAFT, was and is responsible for the development, design, engineering, manufacture, production, assembly, creation of the warnings and instructions, testing, inspection, distribution, and/or sale of braided stainless steel supply lines, and their component parts, which are sold in the County of Riverside, State of California; including a certain braided stainless steel supply line, and its component parts, installed in the subject property ("subject supply line"). Accordingly, Plaintiff alleges that this Court has personal jurisdiction over this corporate Defendant.

5. The true names and capacities, whether corporate, associate or otherwise of Defendants, DOES 1 through 50, inclusive, are unknown to Plaintiff who therefore commences this action against said defendants by such fictitious names. Plaintiff will amend this Complaint to identify the true names and capacities of said DOE Defendants at such time as the same have been ascertained. Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned, Defendants DOES 1 through 50, inclusive, of these fictitiously named defendants, were and are in some manner responsible for placing the subject supply line and/or its component parts, or causing them to be placed, into the stream of commerce; and that Plaintiff's damages as hereinafter alleged were proximately and legally caused by the acts and omissions of such Defendants and each of them. Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned Defendant DOES 1 through 50, inclusive, are in some way legally responsible for the events, happenings and damages as alleged herein.

6. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each and every Defendant named and unnamed was acting as an agent, servant or employee of each of the other Defendants and at all times in doing so, each of the Defendants was acting within the course, scope and authority of said agency or employment and with the full knowledge, permission and consent of each of the remaining Defendants.

## FIRST CAUSE OF ACTION
(Negligence against Defendants, BRASSCRAFT MANUFACTURING COMPANY; and DOES 1 through 50, inclusive)

7. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 6 of the Common Allegations as though the same were fully set forth herein.

8. Defendants BRASSCRAFT; and DOES 1 through 50, and each of them, had owed a duty to the general public, including HINCHMAN, to use reasonable care in the development, design, engineering, manufacture, production, creation of the warnings and instructions, assembly, testing, inspection, distribution, retail, and/or sale of the subject supply line.

9. Plaintiff is informed and believes and thereon alleges that Defendants, BRASSCRAFT; and DOES 1 through 50, and each of them, were negligent, careless, and breached their duty of care in that, and not by way of limitation, they failed to use reasonable care in the development, design, engineering, manufacture, production, creation of the warnings and instructions, assembly, testing, inspection, distribution, and/or sale of the subject supply line.

10. On or about October 24, 2018, the negligence in question caused the subject supply line to fail, resulting in flooding and extensive water damage to the subject property.

11. As a proximate result of the failure of the subject supply line at the subject property, and subsequent flooding and water damage, ALLSTATE has expended certain sums under the terms of its homeowner's policy with HINCHMAN. In addition, the negligence and carelessness of Defendants caused HINCHMAN to suffer the loss of use and consequential damages to the subject property.

12. As a further direct and proximate result of said negligence and carelessness of Defendants, BRASSCRAFT; and DOES 1 through 50, inclusive, Plaintiff ALLSTATE has expended ONE HUNDRED SEVENTY-FOUR THOUSAND TWO HUNDRED FOURTEEN DOLLARS AND NINTY-SEVEN ($174,214.97) under its homeowner's policy. These payments were not voluntary and as such ALLSTATE became subrogated to the rights of HINCHMAN, and is entitled to enforce all remedies of HINCHMAN against the Defendants named herein. Plaintiff's insured also paid a deductible in the amount of ONE THOUSAND DOLLARS AND NO CENTS ($1,000.00) which Plaintiff ALLSTATE is also authorized to recover in this matter.

## SECOND CAUSE OF ACTION

**(Breach of Implied Warranties against Defendants BRASSCRAFT MANUFACTURING COMPANY; and DOES 1 through 50, inclusive)**

13. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 12 of the Complaint as though the same were fully set forth herein.

14. At all times herein mentioned Defendants BRASSCRAFT; and DOES 1 through 50, inclusive, developed, designed, engineered, manufactured, produced, assembled, created of the warnings and instructions, tested, inspected, distributed, and/or sold the subject supply line.

15. At all times herein mentioned, and particularly at the time and place of said design, manufacture, development, production, assembly, creation of the warnings and instructions, testing, inspection, and sale of the subject supply line, and its component parts, Defendants BRASSCRAFT; and DOES 1 through 50, inclusive, and each of them, impliedly warranted that the subject supply line, and its component parts, were of merchantable quality, and fit for the purpose intended, namely a water supply line intended for use in a residential home.

16. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned the subject supply line, and its component parts, were not fit to be used in the manner

described, in that, a defect in the condition of the subject supply line, and its component parts, caused flooding at the subject property.

17. As a result of the flooding and subsequent damage, ALLSTATE has expended certain sums under the terms of its homeowner's policy with HINCHMAN, including but not limited to, payment of property damage and reimbursement for loss of use.

18. As a further direct and proximate result of said failure of the subject supply line, Plaintiff ALLSTATE has expended ONE HUNDRED SEVENTY-FOUR THOUSAND TWO HUNDRED FOURTEEN DOLLARS AND NINTY-SEVEN ($174,214.97) under its homeowner's policy. These payments were not voluntary and as such ALLSTATE became subrogated to the rights of HINCHMAN, and is entitled to enforce all remedies of HINCHMAN against the Defendants named herein. Plaintiff's insured also paid a deductible in the amount of ONE THOUSAND DOLLARS AND NO CENTS ($1,000.00) which Plaintiff is also authorized to recover in this matter.

### THIRD CAUSE OF ACTION
(Product Liability Against Defendants
BRASSCRAFT MANUFACTURING COMPANY;
and DOES 1 through 50, inclusive)

19. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 18 of the Complaint as though the same were fully set forth herein.

20. At all times herein mentioned, Defendants BRASSCRAFT; and DOES 1 through 50, and each of them, knew and intended that the subject supply line would be installed in a residence, which would be used by ordinary consumers.

21. Plaintiff is informed and believes and thereon alleges that the subject supply line was defective at the time of its design, manufacture, development, production, assembly, creation of the warnings and instructions, testing, inspection, distribution, installation, and sale; and that, and not by way of limitation, said defective subject supply line failed, causing the escape of water, flooding, and property damage at the subject property on October 24, 2018.

22. HINCHMAN was not aware of the above-described defects at any time prior to the incident complained of herein.

23. As a proximate result of the defects in the subject supply line at the subject property, and subsequent flooding and water damage, ALLSTATE has expended certain sums under the terms of its homeowner's policy with HINCHMAN. In addition, the defects in the subject supply line caused HINCHMAN to suffer the loss of use and consequential damages to the subject property.

24. As a further direct and proximate result of said defects in the subject supply line of Defendants, BRASSCRAFT; and DOES 1 through 50, inclusive, Plaintiff ALLSTATE has expended ONE HUNDRED SEVENTY-FOUR THOUSAND TWO HUNDRED FOURTEEN DOLLARS AND NINTY-SEVEN ($174,214.97) under its homeowner's policy. These payments were not voluntary and as such ALLSTATE became subrogated to the rights of HINCHMAN, and is entitled to enforce all remedies of HINCHMAN against the Defendants named herein. Plaintiff's insured also paid a deductible in the amount of ONE THOUSAND DOLLARS AND NO CENTS ($1,000.00) which Plaintiff is also authorized to recover in this matter.

**WHEREFORE**, Plaintiff, ALLSTATE prays for judgment against the Defendants, and each of them, as follows:

As special, economic damages:

1. For property damage in the sum of ONE HUNDRED SEVENTY-FIVE THOUSAND TWO HUNDRED FOURTEEN DOLLARS AND NINTY-SEVEN ($175,214.97) and according to proof at the time of trial;

2. For its cost of suit herein;

///

///

///

///

///

3. For prejudgment interest; and

4. For such other and further relief as the Court may deem just and proper.

DATED: January 20, 2021

WILLIAMS | PALECEK LAW GROUP, LLP

By: _____
JASON P. WILLIAMS
THOMAS PALECEK
Attorneys for Plaintiff
ALLSTATE INSURANCE COMPANY